JOHN C. SPINKS AND OTHERS v. JOHN F. CALDWELL.

A motion against a constable and his securities, may embrace as grounds thereof, that the constable has collected money on an execution, which he has failed to pay over, and that he has failed to return the execution; and judgment may be rendered for either cause.

In such a case, before a justice of the peace, where the allegations of the motion sufficiently notify the defendants of the grounds thereof, the plaintiff may recover for the failure to return the execution, notwithstanding the motion asked only a judgment, for failing to pay over the money collected.

APPEAL from Rusk. Tried below before the Hon. Charles A. Frazer.

This was a motion by the appellee, before a justice of the peace, against J. R. Legrand, a constable, and the appellants, as his securities, for failing to pay over money collected on execution by the constable; and alleging further, that the constable failed to return the said execution to the Justice's Court within sixty days, as required by law.

The motion prayed for citation to the defendants, "to show cause, if any they have, why the plaintiff shall not have a judgment against them for the amount,—double the amount of money so collected by said constable,—together with costs of suit;" and for general relief.

The justice of the peace rendered a judgment in favor of the plaintiff in the motion. The defendants applied for, and obtained a writ of *certiorari;* and in their petition alleged, "that on the trial before the Justice's Court, the plaintiff failed to prove the collection of the money, as stated in the motion, and dismissed his application for *double* the amount of the original execution,

and asked the court to give judgment for the *amount of the execution*, for failing to return the same; which was resisted by the defendants, on the ground, that the plaintiff, in his motion, had chosen his remedy, and having prayed for double the amount for failing to pay over the money, he was estopped from taking judgment for failing to return the execution; and that the court rendered judgment for the sum of $18.17, the amount of the original execution."

The plaintiff filed a motion to dismiss the *certiorari*, among other grounds, that "the defendants have not shown by the facts stated by them, any equity in their petition, or legal grounds to entitle them to the writ of *certiorari*, nor in what particular the Justice's Court erred on the trial of the case."

The petition for the *certiorari*, did not deny either the collection of the money and failure to pay it over, or the failure to return the writ of execution.

The court sustained the motion to dismiss the *certiorari*; whereupon the defendants appealed to the Supreme Court, and assigned the ruling of the court, on that motion, for error.

*S. G. Swan*, for the appellants.

*N. G. Bagley*, for the appellee.

BELL, J.—We are of opinion that there was no error in the judgment of the court below, sustaining the motion to dismiss the *certiorari*. In the case of Hamilton v. Ward, 4 Texas Rep. 356, which was a motion against a sheriff under the provisions of the 10th and 23d sections of the Execution Law of 1842, this court held that the sheriff might properly be proceeded against in the same motion, for failing to pay over money when collected, and for failing to return the execution; although it was said, that the complainant in the motions could have but one satisfaction.

The 9th and 10th sections of an act defining the office and duty of constables, of May 12th, 1846, on which the motion in the present case was founded, are analogous to the 10th and 23d

sections of the Execution Law of 1842, upon which was founded the motion against the sheriff, in the case of Hamilton v. Ward. The motion, in the present case, charges that the constable collected the money on the execution placed in his hands, and failed to pay over the same; and the motion prays judgment against him and his sureties, for that particular delinquency.    But the motion also charges, that the constable failed to return the execution, and this is a distinct charge, although no judgment is asked for this cause.    We think that the allegations of the motion are sufficiently precise and full, to notify the constable and his sureties of all the grounds of complaint; and, inasmuch as it was competent for the appellee to embrace both grounds of complaint in the same motion, it was not error for the justice to render judgment for either of the causes alleged.    The judgment of the court below is, therefore, affirmed.

Judgment affirmed.